## CATHERINE O'NEILL *vs.* CITY OF LOWELL.

If, in an action against a city to recover damages for an injury sustained by reason of a defective way, the alleged defect in which consisted of ice and snow upon a sidewalk, a witness for the plaintiff has described the condition of the sidewalk at the time of the injury, he may be asked on cross-examination if the ice and snow were not removed from the sidewalk as well as could conveniently be done by a man with a shovel.

or the purpose of discrediting a witness, independent testimony is competent to prove that he has expressed an opinion, out of court, in favor of the party who called him, upon the merits and probable result of the case.

TORT to recover damages for a personal injury sustained by reason of a defective way in Lowell, the alleged defect in which consisted of ice and snow upon a sidewalk.

At the trial in this court, before *Chapman,* J., the plaintiff called one O'Neill as a witness, who described the condition of the sidewalk, respecting which there was conflicting evidence, and of the ice and snow thereon ; and on cross-examination the defendant asked him if the ice and snow were not removed from the sidewalk as well as could conveniently be done by a man with a shovel. This was objected to, but admitted ; and the witness answered " Yes."

One Mignault, the plaintiff's attending physician, was called by her as a witness, and testified to the nature of her injury, and also described the condition of the sidewalk. The defendants, for the purpose of discrediting him, were allowed, under objection, to prove by one Presby that Mignault within a day or two after the accident said that " the plaintiff would get a good pile of money out of the city, and she ought to."

The jury returned a verdict for the defendants, and the plaintiff alleged exceptions.

*D. S. Richardson & J. F. McEvoy,* for the plaintiff.

*A. R. Brown,* for the defendants.

METCALF, J. The court are of opinion that the defendants were rightly permitted, on cross-examination of the plaintiff's witness, O'Neill, to put to him the question and receive the answer, to which the plaintiff has excepted. There was conflicting evidence as to the condition of the sidewalk when the

plaintiff fell on it and was injured. This witness had given a description of it, and of the ice and snow upon it. What that description was, or what was the other evidence concerning it, is not shown by the bill of exceptions. If, in the description of it by the witness, when testifying in chief, he had said that the ice and snow had been removed as well as it could conveniently be done by a man with a shovel, we think the judge could not rightly have told the jury that such testimony was incompetent, and have directed them not to consider it as evidence.

The plaintiff's counsel did not succeed in showing to the court how this testimony could, as they contended, "mislead the jury." It may, or it may not, have aided them, when taken in connection with all the other evidence, in forming their judgment on the question whether the sidewalk was "safe and convenient," as required by law. It did not precisely and exactly describe the sidewalk, but it was sufficiently descriptive of its condition to be submitted to the jury. It did not necessarily show the safety and convenience of the sidewalk; for it may have appeared from the other testimony that the ice upon it at the time was such as no man could conveniently remove with a shovel.

The court are also of opinion that evidence of what was said by the plaintiff's witness Mignault, soon after her injury was received, was rightly admitted. He was her attending physician and surgeon for a long time after she was injured, and he testified not only to the nature of her injury, but also as to the ice and snow on the sidewalk. The testimony of Presby tended to show that Mignault had forejudged the plaintiff's right to recover large damages, and the liability of the defendants to pay them, without a knowledge of the evidence that might be produced at the trial. There can be no doubt, we think, that the defendants might have been allowed to ask him, on cross-examination, if he had not said what they called on Presby to testify that he said. Questions of like nature are every day put to witnesses, for the purpose of showing their bias or partial feeling, and thus to diminish the weight of their testimony. The jury, in considering their testimony, are to judge how much

deduction, or whether any, is to be made therefrom, by reason of their having expressed an opinion, out of court, on the merits and result of the cause on trial.       *Exceptions overruled.*